IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3184-D

| | | |
|---|---|---|
| BRIAN ANTONIO EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

On July 29, 2024, the court received a filing from Brian Antonio Evans ("Evans" or "plaintiff"), a federal inmate proceeding pro se and in forma pauperis, describing "a notice from Butner Legal Center stating the denial of my claim" relating to medical care for a broken wrist Evans suffered while he was incarcerated at the Federal Correctional Complex in Butner, North Carolina ("Butner"), in 2022. [D.E. 1]. The court construed the action as one seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, and on August 20, 2024, in response to an order directing him to do so, Evans refiled his claims on the form prescribed for use in this district. See [D.E. 3, 4]. On October 21, 2024, the court reviewed the complaint under 28 U.S.C. § 1915A and allowed the action to proceed [D.E. 8].

On January 29, 2025, the United States moved to dismiss the complaint, or in the alternative, for summary judgment [D.E. 15], and filed a supporting memorandum [D.E. 16], a statement of material facts [D.E. 17], and an appendix of exhibits [D.E. 18]. That same day, the court notified Evans about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 19]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per

curiam). On April 4, 2025, Evans filed an untimely response in opposition [D.E. 22]. As explained below, the court grants the United States' motion to dismiss.

I.

On May 31, 2022, Evans suffered "a hard fall over rocks" at Butner and sustained a broken wrist "all the way through the bone." Compl. [D.E. 4] at 5–6; see [D.E. 18-2] 1. On October 20, 2022, Evans filed an administrative tort claim with the Bureau of Prisons's ("BOP") regional counsel office, which that office marked as received on November 7, 2022. See [D.E. 1]; [D.E. 18-2] 1. On July 7, 2023, the BOP's regional counsel office informed Evans that it had received his tort claim and "anticipate[d] six months from the date of this letter to review, consider, and adjudicate your claim." Id. 43 [D.E. 18-4]; cf. 28 U.S.C. § 2675(a).

On September 5, 2023, the BOP's regional counsel office denied Evans's tort claim and informed him that he could "file suit in the appropriate United States District Court no later than six (6) months after the date of mailing this notification." [D.E. 18-6] 1. The office sent the letter to Evans by certified mail, and it "was subsequently returned to the sender and received by the BOP on October 10, 2023." DSMF [D.E. 17] ¶ 7; see [D.E. 18-7] 1–2; [D.E. 1] 1; cf. 28 C.F.R. § 14.9(a). Meanwhile, on September 13, 2023, Evans surrendered to law enforcement for violating the terms of his probation. See [D.E. 22]. Evans "brought a change of address letter" to his arrest "and mailed it to the regional office[.]" [D.E. 22] 1.

"From this day forward [Evans] was being moved around by the U.S. Marshalls [sic] pending revocation hearing[]" until December 2023, when Evans sent a letter to the BOP's regional counsel office asking about the status of his tort claim. [D.E. 22] 1; see [D.E. 18-8] 1. On December 14, 2023, the regional counsel office responded to Evans's inquiry and sent him a second copy of the September 5, 2023 denial by certified mail to the address Evans provided. See

2

[D.E. 18-9] 1–2. Someone received it on December 22, 2023. See id. Evans personally received this notice at the latest in January 2024, when he entered BOP custody and his wife mailed it to him. See [D.E. 1] 1; [D.E. 22] 1. On July 29, 2024, the court received and filed Evans's initial complaint. See [D.E. 1]. Evans did not date his complaint, and the envelope does not bear a postmark. See [D.E. 1]; [D.E. 1-1].

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus.,

3

Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A "tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); see United States v. Wong, 575 U.S. 402, 405 (2015); United States v. Wheeler, 886 F.3d 415, 424 (4th Cir. 2018); Raplee v. United States, 842 F.3d 328, 330 (4th Cir. 2016). The United States argues that Evans failed to file this action within six months of the date it mailed its final notice of denial. See [D.E. 16] 6–7. Evans objects and argues that he had six months from the date he received the second letter from his wife. See [D.E. 22].

Evans's argument fails. See, e.g., Zander v. United States, 494 F. App'x 386, 388 (4th Cir. 2012) (per curiam) (unpublished); Perry v. United States, No. 3:17-CV-1082, 2021 WL 2345541, at *5 (M.D. Pa. June 8, 2021) (unpublished) (collecting cases). Moreover, Evans has not presented any allegations warranting equitable tolling in light of the record. See, e.g., Wong, 575 U.S. at 407–08; Raplee, 842 F.3d at 333–34; Caudill v. N. Carolina Symphony Soc'y, Inc., 750 F. Supp.

4

3d 531, 555–56 (E.D.N.C. 2024); Donald v. Novant Health, Inc., 689 F. Supp. 3d 170, 178 (E.D.N.C. 2023); Hannigan v. United States, 131 F. Supp. 3d 480, 495 (E.D.N.C. 2015); Fullard v. City of Raleigh, No. 2:23-CV-49, 2024 WL 232185, at *4–5 (E.D.N.C. Jan. 22, 2024) (unpublished); Pontones v. San Jose Rest. Inc., No. 5:18-CV-219, 2020 WL 6438395, at *14 (E.D.N.C. Nov. 2, 2020); accord Giles v. United States, No. 22-CV-405, 2024 WL 4930556, at *5–6 (W.D. Wis. Dec. 2, 2024) (unpublished); Perotti v. United States, No. 2:15-CV-67, 2016 WL 110518, at *3 (S.D. Ind. Jan. 8, 2016) (unpublished); Norris v. Eargle, No. 1:14-CV-906, 2015 WL 5084779, at *7 (N.D. Ohio Aug. 27, 2015) (unpublished). Accordingly, the action is time-barred.

### III.

In sum, the court GRANTS IN PART defendant's motion to dismiss or for summary judgment [D.E. 15] and DISMISSES the action as time-barred. The clerk SHALL close the case.

SO ORDERED. This 21 day of May, 2025.

JAMES C. DEVER III
United States District Judge